## WILLIAMS *vs.* SCOTT.

[TRESPASS FOR WRONGFULLY TAKING SLAVE.]

1. *Damages against plaintiff in detinue.*—In trespass against a plaintiff in detinue, who obtained possession of the property by giving the statutory bond, and surrendered it to the defendant on the subsequent dismissal of his suit, a recovery cannot be had for counsel fees in the detinue suit, nor for the trouble and loss of time incident to the defense of that suit, nor for the hire of the property during its detention under the statutory bond.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by James J. Scott against Thomas M. Williams, to recover damages for the wrongful taking of a slave; the complaint being in the form prescribed by the Code, (p. 555,) "for trespass in taking goods." It was agreed that the trespass complained of grew out of the following facts: The plaintiff had placed the slave, for sale, in the possession of one Robinson, against whom Williams, as administrator of one Peter Wyatt, deceased, brought an action of detinue, for the recovery of the slave. The detinue suit was commenced on the 15th April, 1853, and was defended by said Scott. The defendant therein having failed to give the statutory bond, the slave was delivered to the plaintiff, on his execution of the necessary bond, who retained the possession until the 7th July, 1853, and then delivered him back to the sheriff. The detinue suit was dismissed on the 19th September, 1853, and the sheriff then delivered the slave to said Scott. The plaintiff proved, also, the value of the trouble and expense incurred by him in defending the detinue suit, counsel fees paid by him, and the value of the slave's services while he was deprived of his possession during the pendency of said suit. The case was submitted to the decision of the court, without the intervention of a jury, with leave to either party to revise the decision on error or appeal. The court decided, "that the plain-

tiff was entitled to recover the counsel fees paid by him, and the hire of said slave, with interest from the dismissal of said suit; and entered a verdict for the plaintiff accordingly." This ruling of the court, to which the defendant excepted, is now assigned as error.

THOS. WILLIAMS, for appellant.

D. W. BAINE, *contra.*

WALKER, J.—Where the plaintiff, in an action of detinue, gives the bonds contemplated in the statute, and, by virtue thereof, obtains possession of the property, and surrenders the possession back to the defendant upon the subsequent dismissal of the suit, he is not responsible, under a complaint for wrongfully taking the property, for the defendant's attorney's fee in the detinue suit, nor for the hire of the property during its detention under the detinue bonds, nor for the trouble and loss of time of the defendant in the detinue suit in attending to its defense. It follows that the plaintiff in this case had no right to recover, under the complaint, upon the facts proved; and the judgment of the court below must be reversed, and the cause remanded.

STONE, J., not sitting.